IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN, SR., )
)
       Plaintiff, )
)
       v. )    1:21CV6
)
SHERIFF CLEARANCE F. )
BIRKHEAD, et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Some of Plaintiff's claims are not sufficiently clear at this point and significant issues exist with other claims. Plaintiff seeks to name the detention center where he was formerly housed as a Defendant despite the fact that it is a building and not a person as is required for it to be a proper Defendant under § 1983. Plaintiff also names certain Defendants based on their status as supervisors despite the fact that theories of *respondeat superior* or supervisory liability do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676-78 (2009). The Complaint alleges that certain Defendants delivered trays of food that smelled like chemicals on two occasions and gave Plaintiff the lighter of two trays on another occasion. It is unclear whether or not he contends these Defendants put the chemicals in his food and whether or not he suffered any harm. It is also not clear how giving him a lighter tray would violate his federal constitutional rights. The Complaint also includes allegations that Plaintiff was "locked back" or placed in segregation for violating facility rules, that officers may have tried to "intimidate" him, and that he once lost some amount of time out of his cell because he had to wait for delivery of a canteen

order. It is not clear how Plaintiff contends that any of these events violated his federal rights. He must make his claims clear to the Court and to any potential Defendants.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 9th day of August, 2021.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
